**THE LAWRENCE J. TOMLINSON.**

**SEABOARD TERMINALS CORPORATION v. PETTERSON.**

**No. 313.**

Circuit Court of Appeals, Second Circuit.

April 6, 1931.

L. HAND, Circuit Judge, dissenting.

See, also, 29 F.(2d) 797.

Arthur Lovell, of New York City (Leo J. Curren, of New York City, of counsel), for appellant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Robert S. Erskine and Henry P. Elliott, both of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

The disposition of these appeals narrows down to what should be put upon implied warranties. There was no misrepresentation or fraudulent concealment of any known material fact. Ordinarily, a boat chartered for a specified use is implied-

ly warranted, the charter being silent as to that, to be suitable for the known purpose for which it is to be used. It must be that to be seaworthy for the service intended. The Addison E. Bullard (C. C. A.) 287 F. 674, 677. But, where the charterer takes a dirty boat and agrees to clean it, the implied warranty of seaworthiness is only to the effect that it will be suitable for the contemplated use when properly cleaned. This barge was suitable for the carriage of molasses. When cleaned, it would be fit to carry gasoline. While it had previously carried creosote and fuel oil, it does not appear that the condition of the tank was other than would be expected after having carried such cargoes and then carried molasses. Thus far there is no room for a difference of opinion.

The parties cannot reach common ground as to what cleaning was to be required. The appellant insists it was only such cleaning as would rid the tank of molasses. Its position may be stated briefly that the owner warranted the barge to be seaworthy for the carriage of gasoline when the molasses was cleaned out. The appellee holds firmly to the claim that all the appellant was entitled to get was a tank barge which had carried molasses for its last cargo and which would be seaworthy for the transportation of gasoline when put into whatever condition of cleanliness was necessary for that purpose, whether this required the removal of molasses or the residue of anything else of a nature which did not interfere with carrying molasses. We cannot read clause 6 of the charter party without reaching the conclusion that the language there used casts upon the appellant the burden and the risk of cleaning for gasoline carriage a barge described quite generally merely as having been last used as a molasses carrier. Whatever residue may have been. left from previous cargoes, about which no questions were asked and concerning which the owner had no reason to believe any information was desired, cannot be looked upon other than as adding to the task of cleaning. The charterer undertook without qualification to perform that task, and did it in whatever way and with whatever thoroughness, or lack of it, that it saw fit. The result was unexpected delay and expense for additional cleaning and loss from discoloration of cargoes. But how much, if any, of this was due to the inexperience or incompetence of the man in charge of the cleaning cannot be determined. Nor would it be of benefit now to do that or to have explained why the appellant put the first cargo into a dirty tank or why it continued to use the tank still dirty after the first cargo had been discolored. It is enough for present purposes to point out that the owner was in no way responsible for the inadequate cleaning or the use of the tank before it was properly cleaned. At most, he would be liable for the added cost and loss of time required for cleaning, provided he were liable at all under his contract. He allowed three days "free time in which to do the work," but this was no warranty that it could be done in three days. It was rather the owner's contribution toward the work and the measure of his contractual duty in respect to it.

Since the withholding of charter hire was unjustified in the absence of any liability on the part of the owner for the unclean condition of the tank,

Both decrees are affirmed.

L. HAND, Circuit Judge, dissents without opinion.